IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DANIEL D.,**[1] <br><br>        Plaintiff, <br><br> v. <br><br> **COMMISSIONER, SOCIAL SECURITY ADMINISTRATION**, <br><br>        Defendant. | Case No. 1:24-cv-01295-IM <br><br> **ORDER GRANTING THE COMMISSIONER'S MOTION TO DISMISS** |

Daniel D. Pro Se.

Natalie K. Wight, United States Attorney, District of Oregon, and Kevin Danielson, Executive Assistant United States Attorney, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Christopher Vieira, Special Assistant United States Attorney, Office of Program Litigation, Office 7, Social Security Administration, Office of the General Counsel, 6401 Security Boulevard, Baltimore, MD, 21235. Attorneys for Defendant.

**IMMERGUT, District Judge.**

Plaintiff Daniel D., proceeding pro se, seeks review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for

---

[1] In the interest of privacy, this Order uses only the first name and initial of the last name of the non-governmental party in this case.

PAGE 1 – ORDER GRANTING MOTION TO DISMISS

child disability benefits. Presently before this Court is the Commissioner's Motion to Dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Because Plaintiff has not exhausted his administrative remedies, and thus does not have a final decision that this Court has the authority to review, the Commissioner's Motion to Dismiss is granted.

## BACKGROUND

Plaintiff commenced this action on August 8, 2024. Complaint ("Compl."), ECF 1. Under "Brief description of cause," Plaintiff wrote: "Came Disabled at 13 years old." *Id.* at 18. The Complaint contains no other factual allegations; the "Statement of Claim" section is blank. *See id.* at 1–18. This Court granted Plaintiff leave to proceed in forma pauperis. ECF 5.

On November 22, 2024, the Commissioner filed its Motion to Dismiss. ECF 8. Plaintiff did not timely respond to this Motion, and on December 13, 2024, this Court issued an Order to Show Cause instructing Plaintiff to show cause why the Motion to Dismiss should not be granted. ECF 10. This Court also warned Plaintiff that failure to comply with the Order to Show Cause may result in the dismissal of his case for failure to prosecute. *Id.* To date, Plaintiff has not filed a response to the Commissioner's Motion to Dismiss, responded to this Court's Order to Show Cause, or otherwise communicated with the Court.

## LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under Rule 12(b)(1), a party may move to dismiss by challenging the court's subject matter jurisdiction. The party opposing the motion bears the burden of proving that the court possesses subject matter jurisdiction. *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004) (internal quotation marks omitted). Dismissal

PAGE 2 – ORDER GRANTING MOTION TO DISMISS

for lack of subject matter jurisdiction should be without prejudice. *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

A Rule 12(b)(1) motion may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial challenge asserts that jurisdiction is lacking based on the allegations in the complaint. *Id.* A factual attack disputes the truth of the allegations that, by themselves, would invoke federal jurisdiction. *Id.* In resolving factual attacks, courts may review evidence beyond the complaint. *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.*

When a plaintiff proceeds pro se, courts must liberally construe the pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A court cannot dismiss a pro se complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).

## DISCUSSION

The Commissioner moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, arguing that Plaintiff failed to exhaust his administrative remedies by failing to complete the administrative process and obtain a final decision from the Commissioner. Motion to Dismiss ("Mot."), ECF 8 at 3. Specifically, the Commissioner presents evidence that Plaintiff did not seek review from the Appeals Council. Declaration of Christianne Voegele ("Voegele Decl."), ECF 9 ¶ 3(b). Because Plaintiff failed to exhaust and waiver of exhaustion is not appropriate, Plaintiff's Complaint must be dismissed.

The Social Security Act provides for judicial review of a "final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). The Supreme Court

PAGE 3 – ORDER GRANTING MOTION TO DISMISS

has explained that a final decision consists of two elements: a "jurisdictional" requirement that claims be presented to the agency, and a "waivable" requirement that administrative remedies be exhausted. *Smith v. Berryhill*, 587 U.S. 471, 478 (2019). The latter is at issue here.

The administrative process consists of (1) an initial determination; (2) reconsideration; (3) a hearing before an administrative law judge; and (4) Appeals Council review of the administrative law judge's decision. 20 C.F.R. § 404.900(a). Administrative remedies are exhausted only after the Appeals Council issues a decision or denies review. *See id.* § 404.981. Here, Plaintiff fails to allege exhaustion of his administrative remedies. *See* Compl., ECF 1. The Complaint contains minimal factual allegations and does not state whether he requested review by the Appeals Council. *See id.* Further, the evidence shows that Plaintiff failed to request Appeals Council review. *See* Voegele Decl., ECF 9 ¶ 3(b). Accordingly, Plaintiff has failed to exhaust his administrative remedies before seeking judicial review. The question is, then, whether the exhaustion requirement has been or should be waived.

The Commissioner may waive the exhaustion requirement. *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987). The Commissioner has not waived it here. *See* Mot., ECF 8 at 2–4.

Courts may also waive the exhaustion requirement. *Cassim*, 824 F.2d at 795. The Ninth Circuit Court of Appeals has held that the exhaustion requirement can be waived by a court if the plaintiff has shown: (1) that the claim for which judicial review is sought is collateral to the claimant's request for benefits; (2) that irreparable injury would occur if the exhaustion requirement were enforced; and (3) that exhaustion of administrative remedies would be futile. *Id*; *Johnson v. Shalala*, 2 F.3d 918, 921 (9th Cir. 1993). As to prong one, a plaintiff's claim is collateral "if it is not essentially a claim for benefits." *Id.* As to prong two, plaintiffs must raise "at least a colorable claim" of irreparable injury, meaning one that is not "wholly insubstantial,

PAGE 4 – ORDER GRANTING MOTION TO DISMISS

immaterial, or frivolous," such as economic hardship while awaiting administrative review. *Id.* at 922 (internal quotation marks omitted). Finally, futility exists where agency expertise is not necessary since the issue is purely statutory construction. *Id.*

This Court finds that Plaintiff fails to establish that waiver is warranted. First, Plaintiff has not shown collaterality. The Complaint does not explain the nature of his claim and does not raise a constitutional challenge. Second, Plaintiff has not shown irreparable injury. He does not offer any explanation why he did not complete the administrative process. Finally, Plaintiff has not shown futility. He has not alleged, for example, that the agency applied an unlawful systemwide policy such that nothing would be gained from agency expertise. *See id.* Accordingly, dismissal of the Complaint is warranted.

## CONCLUSION

The Commissioner's Motion to Dismiss, ECF 8, is GRANTED. This action is DISMISSED without prejudice.

**IT IS SO ORDERED.**

DATED this 31st day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge